UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD D. TURNER,
#575843,

    Petitioner,

v.

CATHERINE BAUMAN,

    Respondent.
_____/

Case No. 15-cv-13059

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
PATRICIA T. MORRIS

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [1],
DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING
LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Gerald D. Turner ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentences. Petitioner pleaded no contest to first-degree home invasion, armed robbery, and armed robbery resulting in serious injury in Case No. 13-248467-FC and to armed robbery (which he refers to as carjacking) in Case No. 13-248431-FC in the Oakland County Circuit Court. He was sentenced, as second habitual offender, to 10 to 30 years imprisonment on the home invasion conviction, concurrent terms of 20 to 60 years imprisonment on the armed robbery and armed robbery resulting in serious injury convictions, and a concurrent term of 15 to 60 years imprisonment on the armed robbery (carjacking) conviction in 2014. In his pleadings, Petitioner asserts that the state trial court mis-scored two offense variables of the state sentencing guidelines.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and

-1-

any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (finding that the district court has the duty to "screen out" petitions that lack merit on their face).

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief. Accordingly, the Court will **DENY** the Petition for Writ of Habeas Corpus [1]. The Court will also **DENY** a certificate of appealability and **DENY** leave to proceed *in forma pauperis* on appeal. A detailed Opinion and Order setting forth the Court's reasoning is below.

## II. BACKGROUND

Petitioner's convictions arise from an incident in which he and two co-defendants broke into a house occupied by a couple in their seventies and robbed them. According to Petitioner, while he was ransacking the house, the two co-defendants entered the victim's bedroom, demanded money, and one of the co-defendants pistol-whipped the victims.

On February 13, 2014, Petitioner pleaded no contest to the charges in exchange for an agreement that his minimum sentence would not exceed 20 years in prison. The parties stipulated to the police reports as a factual basis for the plea. On March 10, 2014, the trial court sentenced Petitioner, as a second habitual offender, to the aforementioned sentences. Petitioner states that he was assessed 50 points for Offense Variable 7 (excessive brutality) and 10 points for Offense Variable 10 (exploiting a vulnerable victim (age)). Trial counsel objected to the scoring of those variables, but the trial court overruled those objections. The court indicated that it assessed 50 points for Offense Variable 7 because, even if Petitioner did not touch the victims, he assisted in the crime. The court indicated that it assessed 10 points for Offense Variable 10 because the victims were in their 70's and the perpetrators likely went to the house due to the age of the victims, who were known by one of the co-defendants.

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit. *People v. Turner*, No. 323388 (Mich. Ct. App. Oct. 16, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Turner*, _ Mich. _, 863 N.W.2d 41 (May 27, 2015). Petitioner dated his federal habeas petition on August 19, 2015 and it was filed by the Court on August 26, 2015. *See* Dkt. No. 1. In his pleadings, Petitioner challenges the scoring of Offense Variables 7 and 10 of the state sentencing guidelines.

### III. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254(d) to impose the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). For the first prong, "[a] state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). Under this second prong, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To obtain relief under this second prong, a petitioner must show an unreasonable determination of fact and that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012). However, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1).

A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Overall, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Id.* at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979). Thus, in order to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.  However,  a federal habeas court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

## IV. DISCUSSION

Petitioner asserts that he is entitled to habeas relief due to sentencing error – namely that the state trial court erred in scoring Offense Variable 7 (excessive brutality) at 50 points and erred in scoring Offense Variable 10 (vulnerable victim due to age) at 10 points.  Petitioner raised this claim on direct appeal and the state appellate courts both denied leave to appeal.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.  Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentences are within the statutory maximums for a second habitual offender.  *See* MICH. COMP. LAWS §§ 750.110a(2), 750.529, 750.529-A, 769.10.  Sentences imposed within the statutory limits are generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948);

*Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Petitioner's sentences also comport with his plea agreement.

Petitioner's claim challenging the scoring Offense Variables 7 and 10 of the Michigan sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002) (citations omitted). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted in his pleadings.

The Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (noting that a defendant must have a meaningful opportunity to rebut contested sentencing information). To

prevail on such a claim, however, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. Rather, he admits that he had a sentencing hearing before the trial court with an opportunity to challenge the scoring of the guidelines, and, according to Petitioner, defense counsel objected to the scoring of the disputed offense variables. Petitioner also presented his sentencing issues to the state appellate courts and was denied relief. Petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. No due process violation occurred. Habeas relief is not warranted.

### V. CONCLUSION

For the reasons stated herein, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claim and his petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner fails to make a substantial showing of the denial of a constitutional right in his pleadings. No certificate of appealability is

warranted. Nor should he be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

Accordingly, **IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus [1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

IT IS SO ORDERED.

Dated: September 24, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge